[No. 13891.   Department Two. — January 5, 1891.]

W.   E.   CAMPBELL,   Respondent,   v.   CHARLES
THOMAS, Appellant.

REAL ESTATE AGENT— CONTRACT FOR COMPENSATION — RESERVOIR SITE —
    POSSESSORY RIGHT — AFTER-ACQUIRED TITLE — SALE BY PRINCIPAL.
    — A written contract to pay to an agent for the sale of a reservoir dam
    site a certain share of the purchase price, whether the sale should be
    effected by the agent or by the principal, is not defeated or affected by
    the fact that the principal had only a possessory title to the site at the date
    of the contract, and thereafter procured the legal title thereto, and sold
    it as land.

APPEAL from a judgment of the Superior Court of
San Bernardino County.

The facts are stated in the opinion of the court.

*Waters & Gird*, for Appellant.

*Willis, Cole & Craig, E. E. Rowell*, and *Paris & Fox*,
for Respondent.

McFARLAND, J. — This is an action to recover two
fifths of the amount for which certain property was sold
by defendant.   The court gave judgment for plaintiff for
$1,850.80, and defendant appeals.

The defendant and other persons entered into a written
contract with plaintiff by which plaintiff was appointed
their agent to negotiate a sale of a certain reservoir
dam site situated on the San Jacinto River, in San
Diego County, and in which they agreed that if plaintiff
effected a sale to be approved by them, they would give
him two fifths of the purchase price, and that if they
themselves made a sale without consulting plaintiff, he
was to have the same percentage as though he had
effected the sale.   While this contract was still in force,
and plaintiff was still their agent, they effected a sale
without consulting him, and on that sale defendant re-

ceived property of the value of $4,627, for two fifths of which the judgment was rendered.

At the trial, a great many exceptions were taken which are not referred to in appellant's brief, and which do not seem to present any material error. The real point insisted on by appellant is, that the property sold was not the property mentioned in the contract. The facts on which this point rests are these: At the time of the contract, defendant did not have the legal title to the reservoir dam site, but only a possessory title. He had posted notices claiming the site, and also certain water rights, and claimed to be in possession. This site was on section 7, and was consequently railroad land. He told plaintiff that he had made arrangements with the railroad land agent, and that as soon as the land was graded and in the market, he would get title from the railroad company. Afterwards such title was procured, and although in the sale the property was described as so much land, it was the same land that constituted the reservoir dam site described in the contract, and was bought by the purchasers, Judson, Potts, and Mayberry, for the express purpose of a reservoir dam site,— for which purpose it was mainly valuable. The facts, therefore, that a better title was procured after the making of the contract, and that the property was described in the sale as land, do not defeat the contract. It is clear that the property mentioned in the contract, and the property sold, was the same.

Judgment and order denying a new trial affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.